**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Nicole Corin Christian</u>

    v.                                         Civil No. 05-cv-356-JD

<u>Travis W. Anderson, et al.</u>

**O R D E R**

    Before the Court is plaintiff Nicole Christian, who has filed suit against Grafton County and a number of its employees pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights. As Christian is proceeding *pro se*, the matter is currently before me for preliminary review to determine whether she has properly invoked the subject matter jurisdiction of this Court. <u>See</u> United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(A).

<u>Standard of Review</u>

    Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and pays the filing fee, the magistrate judge is directed to conduct a preliminary review to determine whether or not the court has subject matter jurisdiction over the matter. <u>Id.</u> In conducting the preliminary

review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Christian alleges that on October 7, 2002, she was pulled over by a New Hampshire State Police trooper for speeding.

Although she received no citation for speeding and was not charged with a crime, Christian was taken into custody and brought to the Grafton County House of Correction ("GCHOC"). Once at the GCHOC, Christian was placed in a cell without running water or a working toilet.

Christian's primary complaint is that, while detained at the GCHOC, she was subjected to a strip search which involved her undressing, being forced to squat and cough, and to otherwise expose her genitals and other private areas of her body. The strip search was conducted in front of other adults and in front of a camera that was able to broadcast the search via closed circuit television. Christian alleges that the defendants conducted the strip search in violation of her Fourth, Fifth and Fourteenth Amendment rights, as there was no reason to suspect that she had any contraband on her person. Instead, Christian alleges that she was strip-searched pursuant to the policy and practice of the GCHOC and its staff to strip search every female detained there for any length of time.

Christian alleges constitutional violations relating to the strip search, as well as to the conditions of her confinement at the GCHOC, the removal of her property from the GCHOC, excessive

force by GCHOC and Lebanon Police Department employees, a deprivation of her liberty without due process of law, a denial of counsel, false arrest and imprisonment, the failure of the defendants to protect her from these violations, and the failure of the supervisory defendants to prevent constitutional violations arising from their policies and practices. Christian claims violations of her federal constitutional rights and violations of her rights under state law arising from the same conduct.

## Discussion

Federal Courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). The presumption is that a federal court lacks jurisdiction. Id. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Sch. Dist, 475 U.S. 534, 541 (1986). To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that her lawsuit either involves a federal question, volves citizens from different states and an amount in controversy in excess of $75,000. See 28 U.S.C. §§ 1331 & 1332. If it appears that the

courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).  By filing suit under 42 U.S.C. § 1983, and alleging that state actors, acting under color of state law, have violated her federal constitutional rights, Christian has invoked the federal question jurisdiction of this court.  See 28 U.S.C. §1331 (authorizing District Court jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States").

Christian has also alleged tort claims under state law based on the same facts as her civil rights claims.  Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over state law claims that arise out of the same facts and circumstances as those alleged to give rise to the federal claims properly before the Court.  Because Christian's tort claims meet that threshold, this Court will exercise its supplemental jurisdiction over those claims.  See 28 U.S.C. § 1367.

Without commenting on the merits of the complaint, I find that Christian has invoked this court's subject matter

jurisdiction in order for this action to proceed.  See LR 4.3(d)(1)(A).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:      November 3, 2005

cc:        Nicole Corin Christian, *pro se*