UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Nicole Corin Christian</u>

    v.                              Civil No. 05-cv-356-JD

<u>Travis W. Anderson, et al.</u>


<u>O R D E R</u>

Nicole Corin Christian, who is proceeding pro se, brought a civil rights action against Grafton County, its commissioners, the superintendent of the Grafton County House of Corrections, Grafton County employees, and Paul Boucher, who was a bail commissioner at the time of the events that led to Christian's claims.  The complaint was served on Boucher on February 10, 2006.  When Boucher failed to respond within the time allowed, default was entered as to him on March 8, 2006.  Boucher, through counsel, moved to set aside the default on March 22, 2006.  Christian objects to the motion to set aside the default.

An entry of default may be set aside upon a showing of good cause.  Fed. R. Civ. P. 55(c).  Good cause in this context is construed liberally to include considerations as to whether the default was willful and whether the delay prejudiced the plaintiff.  <u>Venegas-Hermandez v. Sonolux Records</u>, 370 F.3d 183, 187 (1st Cir. 2004).  The court may also consider whether the alleged defense has merit.  <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 164 (1st Cir. 2004).

In his motion to strike the default, which is supported by his affidavit, Boucher explains that when the complaint was served, he was confused about what he was supposed to do in response. He first thought that the county would represent him but the attorney representing the county and the county defendants in the case told him on February 20, 2006, that the county was not required to provide a defense for him. That attorney suggested that he contact his insurance provider.

Boucher then contacted his insurance agent and his personal attorney. Through them a request was made to the Office of the Attorney General for representation. Although that office had received a copy of the complaint with respect to another defendant in the same action, the complaint did not suggest that Boucher was also a state officer. The Office of the Attorney General accepted the defense of Boucher on March 17 and filed the present motion to set aside the default.

Christian objects to the motion to set aside the default, asserting that the month delay between the date of service and the time Boucher contacted the Office of the Attorney General was unreasonable and that the Attorney General's office was investigating misconduct by Boucher at a time pertinent to her claims in this case. Christian does not contend that she has been prejudiced by the delay nor does she suggest that Boucher's default was willful. Instead, she hints that alleged misconduct

by Boucher undermines his defense and that the Attorney General's office has a conflict in representing Boucher in this case due to its previous investigation of him.

In the absence of willful or prejudicial delay, it is appropriate in this case to set aside the default.  The court does not address the allegations of misconduct and Christian's assumptions based on those allegations, because those speculative assertions are insufficient to undermine Boucher's defense of immunity.

## Conclusion

For the foregoing reasons, the defendant's motion to set aside default (document no. 21) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 17, 2006

cc:   Charles P. Bauer, Esquire
      Nancy J. Smith, Esquire
      Nicole Corin Christian, pro se
      Bill Grizzaffi, pro se