UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Nicole Corin Christian

    v.                                         Civil No. 05-cv-356-JD

Travis W. Anderson, et al.


O R D E R


    Nicole Corin Christian, proceeding pro se, filed suit against officers and employees of Grafton County, alleging constitutional violations when she was arrested, strip searched, and detained at the county jail in October of 2002.  Christian also names Paul Boucher as a defendant, alleging that he "appeared to act under the agency and on behalf of Travis W. Anderson, as [he] followed his instructions without comment or complaint."  Complaint ¶ 8(i).  Boucher moves to dismiss Christian's claims against him on the ground that as a bail commissioner, he is protected by absolute immunity.  Christian moves for an extension of time to respond to the motion to dismiss.

    Christian contends that she requires an additional forty-five days to respond to Boucher's motion in order to complete discovery pertaining to the circumstances of Boucher's resignation from his office as bail commissioner.  She argues that Boucher "may have lost competency to officially act as a Bail Commissioner when he effectively admitted to having

fraudulently assumed the identity of Assistant Attorney General Michael Walls for the purpose of giving an official status to his intimidation efforts against a business competitor." She represents that Boucher resigned his office on November 13, 2002.

Boucher's motion is governed by Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, pursuant to Rule 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Edes v. Verizon Comms., 417 F.3d 133, 137 (1st Cir. 2005).  The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002).  "The standard for granting a motion to dismiss is an exacting one:  'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" McLaughlin v. Boston Harbor Cruise Lines, Inc., 419 F.3d 47, 50 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 46 (1957)).  A complaint filed by a pro se litigant is held to less stringent standards than one drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

That standard limits the court's review to the allegations in the complaint.  In the context of a motion to dismiss, the

court is generally precluded from considering matters that are extrinsic to the complaint.  See Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 n.4 (1st Cir. 2006); Watterson v. Page, 987 F.2d, 1, 3-4 (1st Cir. 1993).  Therefore, the discovery that Christian asserts is necessary for her response is not material in the context of a motion to dismiss.  Instead, if Christian were to respond to the motion to dismiss with extrinsic evidentiary materials, the court would determine whether those materials would be considered in deciding the motion, and if so, would convert the motion to one for summary judgment.  See McCord v. Horace Mann Ins. Co., 390 F.3d 138, 141 (1st Cir. 2004); Boateng v. Interamerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).

   Christian does not dispute that Boucher was a duly appointed bail commissioner until he resigned on November 13, 2002.  The misfeasance that Christian asserts led to Boucher's resignation did not involve her or any of the events underlying her action here.  Therefore, the circumstances that led to Boucher's resignation and his subsequent resignation do not appear to be material to Christian's claims or to Boucher's defense of absolute immunity.  See, e.g., Briand v. Morin, 2003 WL 540185, at *1 (D.N.H. Feb. 25, 2003).

   In addition, as Boucher notes in his motion to dismiss, Christian has not made any allegations of wrong-doing as to him.

Although he was a bail commissioner in October of 2002, when Christian was arrested and detained at the jail, she does not allege what part Boucher played in the alleged violations of her constitutional rights.  The complaint does not indicate whether Christian alleges a claim against Boucher based on his official actions as a bail commissioner or on some other unexpressed actions or conduct.  Rather than speculate about the nature of Christian's claim against Boucher, it would be more appropriate to give her an opportunity to amend her complaint to state the claim clearly.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 25) is terminated without prejudice to refile, if appropriate, after the plaintiff files an amended complaint.  The plaintiff's motion for an extension of time (document no. 32) is denied as moot.

The plaintiff is afforded an opportunity to file an amended complaint in which she states clearly her claim, and the factual basis for the claim, against defendant Paul Bouchard.  An amended complaint shall be filed **on or before June 5, 2006**.  If the plaintiff chooses not to file an amended complaint by that date,

her claim against Paul Boucher alleged in the current complaint will be dismissed with prejudice.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

May 25, 2006

cc: Nicole Corin Christian, pro se
    Charles P. Bauer, Esquire
    Frank H. Olmstead, Esquire
    Nancy J. Smith, Esquire