UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Nicole Corin Christian</u>

    v.                              Civil No. 05-cv-356-JD

<u>Travis W. Anderson, et al.</u>


<u>O R D E R</u>

On September 7, 2006, the Grafton County defendants moved to compel discovery from Nicole Corin Christian, representing that they had sent discovery requests to her on June 21, 2006, and that despite several subsequent voluntary extensions of time, she had not produced the requested discovery. The defendants also represented that Christian's deposition was to be taken on September 19, 2006, which did not allow enough time for defendants' counsel to receive and review any discovery produced. The motion nevertheless asked that Christian be compelled to produce the requested discovery by September 13, 2006. Christian filed her objection to the defendants' motion on September 27, 2006.

Under the Federal Rules of Civil Procedure and the local rules of this court, Christian's response to the defendants' motion to compel was due on September 21. Her objection, therefore was untimely, as it was filed six days after that date. The defendants' motion, however, was unreasonable in that it

requested relief on a date that was eight days before Christian's response was due.

In her objection, Christian, who is proceeding pro se, represents that she forwarded her responses to the defendants on September 18 and then personally delivered documents on September 19.  She admits that she has not fully complied with the defendants' discovery requests but contends, among other things, that the number of interrogatories exceeded the agreed number of twenty-five.  If Christian is correct that the defendants' requests included more than twenty-five interrogatories, including the subparts of each, then the discovery sought by the defendants is excessive.  <u>See</u> Fed. R. Civ. P. 33(a).

Further, now that Christian has complied with at least some of the discovery sought by the defendants, their motion is moot. To the extent Christian's responses are incomplete, the defendants may file a motion under Federal Rule of Civil Procedure 37 to compel more complete responses.  The defendants are cautioned, however, that if they have exceeded the allowed number of interrogatories, they are not entitled to responses to those interrogatories beyond twenty-five absent leave granted by the court.

Christian is put on notice that deadlines in this case are to be adhered to strictly.  Failure to respond to the defendants'

discovery requests in a timely manner and failure to file responses to motions within the time allowed may result in sanctions being imposed against the dilatory party.

### Conclusion

For the foregoing reasons, the defendants' motion to compel (document no. 43) is denied.  No sanctions are appropriate at this time.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2006

cc: Charles P. Bauer, Esquire
    Nancy J. Smith, Esquire
    Nicole Corin Christian, pro se