UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Nicole Corin Christian

    v.                         Civil No. 05-cv-356-JD

Travis W. Anderson, et al.


O R D E R

Nicole Corin Christian, proceeding pro se, alleges claims
under 42 U.S.C. § 1983 that a state trooper, a bail commissioner,
and various Grafton County officers and employees violated her
constitutional rights when she was arrested following a traffic
stop, taken to the county jail, strip searched, and detained in
October of 2002.  Paul Boucher, who served as bail commissioner
in Christian's case, moves to dismiss the claims against him on
the grounds of Eleventh Amendment immunity and judicial immunity.
Travis Anderson, who was the arresting officer, moves to dismiss
the claims against him based on Eleventh Amendment immunity and
argues that new allegations contained in the amended complaint
are barred by the statute of limitations.  Both Boucher and
Anderson challenge Christian's conspiracy claim.


Standard of Review

In considering a motion to dismiss, pursuant to Federal Rule
of Civil Procedure 12(b)(6), the court accepts the facts alleged
in the complaint as true and draws all reasonable inferences in

favor of the plaintiff.  <u>Edes v. Verizon Comms.</u>, 417 F.3d 133, 137 (1st Cir. 2005).  The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim."  <u>Carroll v. Xerox Corp.</u>, 294 F.3d 231, 241 (1st Cir. 2002).  "The standard for granting a motion to dismiss is an exacting one:  'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" <u>McLaughlin v. Boston Harbor Cruise Lines, Inc.</u>, 419 F.3d 47, 50 (1st Cir. 2005) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 46 (1957)).


<u>Background</u>

Christian, with her mother as a passenger, was driving through New Hampshire in early October of 2002 when they were stopped by New Hampshire State Police Officer Travis Anderson for exceeding the speed limit.  Christian alleges that when she did not produce a valid operator's license, Anderson attempted to physically remove her from the car, which she resisted with her mother's assistance.  Christian and her mother were charged with resisting arrest, handcuffed, and transported to the Grafton County Jail.  Once at the jail, Christian was subjected to a strip search.  Paul Boucher was called to serve as bail

commissioner, and he set her bail at $5,000.

Boucher previously moved to dismiss the claims against him on the ground that as bail commissioner he was entitled to absolute immunity. Christian sought an extension of time to respond to Boucher's motion in order to complete discovery pertaining to the circumstances of Boucher's resignation of his office as bail commissioner. The court noted that Christian had not alleged any claims against Boucher or even alleged any wrongdoing on his part. The court nevertheless concluded that it would be appropriate to give Christian an opportunity to file an amended complaint to state clearly any claim she intended to bring against Boucher.

On June 5, 2006, Christian filed an amended complaint in which she added factual allegations, deleted her Sixth Amendment claim, and identified additional defendants. With respect to Boucher, Christian now alleges that he was a disqualified bail commissioner because he had admitted to "a serious felony," and that in collusion with Anderson, Boucher set her bail at an unreasonably high amount. She also added allegations against Anderson that he sexually molested her during their skirmish in the course of the traffic stop that led to her arrest.

<u>Discussion</u>

Christian alleges that the defendants violated her Fourth, Fifth, Ninth, and Fourteenth Amendment rights in the course of her arrest and detainment.[1]  Boucher and Anderson assert that Christian failed to state a federal claim against either of them and that the Eleventh Amendment precludes their liability under state law claims.  They contend that Christian failed to state a conspiracy claim against them.  Boucher also contends that he is protected by quasi-judicial immunity for his actions in his role as bail commissioner.  Anderson argues that Christian's new allegations of sexual molestation are time barred.

A.  <u>Eleventh Amendment</u>

Boucher's and Anderson's Eleventh Amendment defense appears to be based on a false premise.  They assert that because Christian did not allege any federal claims against them and because the Eleventh Amendment bars suit on any state claims against them in their official capacities, Christian's claims are barred.  Although Christian's claims are far from clear or specific, the only claims she alleges are federal claims.  In addition, Anderson and Boucher are sued in their individual, not official, capacities, making the Eleventh Amendment inapplicable.

---

[1]Christian does not specify which defendant or defendants or which actions by them violated each asserted right.

4

See <u>Redondo–Borges v. U.S. Dep't of Housing & Urban Dev't</u>, 421
F.3d 1, 7 (1st Cir. 2005).  Therefore, the Eleventh Amendment
defense fails in the context it has been raised.

B.  <u>Immunity</u>

     Boucher contends that as a bail commissioner he is entitled
to quasi–judicial immunity for any actions taken in that
capacity.  In support of his motion and to counter Christian's
challenges to the legitimacy of his office, Boucher filed his
letter of resignation, dated November 13, 2002, and a copy of his
appointment as a justice of peace, dated September 25, 2001.
Christian acknowledges that Boucher was appointed to serve as a
bail commissioner on August 29, 2001.  She argues, however, that
because he had to be a justice of the peace for the bail
commissioner appointment to be effective, he was disqualified
from serving as a justice of the peace, and therefore as bail
commissioner, by his actions that culminated in a term of
probation pursuant to an agreement with the New Hampshire
Attorney General's Office.

     The documents submitted by Boucher and Christian show that
Boucher was appointed bail commissioner on August 29, 2001, which
became effective with his appointment as a justice of the peace
in September of 2001.  He did not resign his office until
November 13, 2002.  Therefore, Boucher was a duly appointed bail

commissioner in October of 2002 when he set bail in Christian's case.[2]  His actions that resulted in his resignation on November 13 and the probation referenced in the letter submitted by Christian did not affect his status as bail commissioner in October of 2002.  Boucher is entitled to quasi-judicial immunity from claims brought against him for his actions taken in that capacity.  See Briand v. Morin, 2003 WL 540185 at *1 (D.N.H. Feb. 25, 2003); see also Crocker v. Lewiston Police Dep't, 2001 WL 114977 at *5 (D. Me. Feb. 9, 2001).

Christian's claims against Boucher are based on his actions as bail commissioner, that is, acting as bail commissioner in her case and setting her bail at $5,000.  Therefore, her claims against Boucher are dismissed.


C. Conspiracy

Boucher and Anderson also contend that Christian failed to allege a state law conspiracy claim.  Because all of Christian's claims against Boucher are barred by quasi-judicial immunity,

---

[2]Christian also argues that the court cannot consider Boucher's immunity defense in the context of a motion to dismiss because it requires reference to matters extrinsic to the complaint.  The documents submitted by Boucher come within the narrow exception that allows the court to consider matters of public record in deciding a motion to dismiss.  See Greene v. Rhode Island, 398 F.3d 45, 48-49 (1st Cir. 2005).  In addition, Christian appended a copy of Boucher's appointment as bail commissioner and a copy of a letter pertaining to his probation.

this issue is addressed with respect to Anderson only.  As noted above, Christian brings only federal claims in this suit.  Her response on this issue clarifies that she intended to allege a federal civil rights conspiracy against Anderson.  Because Anderson did not address this claim under the governing law, his motion is not considered for purposes of the conspiracy claim.

D.   Timeliness of the Amendment

    Anderson moves to dismiss all claims based on new allegations in Christian's amended complaint that he sexually molested her in the course of her arrest.  He contends that any such claims are time-barred because the three-year statute of limitations expired on October 7, 2005, and the amended complaint was not filed until June 5, 2006.  Anderson again assumes that Christian is alleging state law claims against him and that she has added a claim of sexual molestation.  Although Christian has alleged only federal claims, the same three-year limitation period applies to claims under § 1983 as to state law claims.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); N.H. Rev. Stat. Ann. § 508:4.

    Federal Rule of Civil Procedure 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set

forth or attempted to be set forth in the original pleading." Amendments that amplify the factual bases for an existing claim or state an existing claim with greater particularity relate back to the original pleading.  USX Corp. v. Barnhart, 395 F.3d 161, 166-67 (3d Cir. 2004); cf. In re Stone & Webster Inc., 2006 WL 1738348 at *3-*4 (D. Mass. June 23, 2006) (denying relation back where new allegations concerned entirely new conduct).  New allegations that also add a new legal theory relate back to the original pleading if the amendment pertains to the same episode as alleged originally.  See Mayle v. Felix, --- U.S. ---, 125 S. Ct. 2562, 2572 (2005) (discussing Tiller v. Atl. Coast Line R. Co., 323 U.S. 574, 58-81 (1945)).

In this case, Christian amplified her previous description of the arrest, which alleged that Anderson had assaulted her in the course of removing her from her car, to include allegations that he sexually molested her during the same conduct.  She has not alleged a new claim based on the new allegations.  Therefore, her allegations of sexual molestation relate back to the original complaint.


## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 35) is granted as to all claims against Boucher and is otherwise denied.

8

As is explained in this order, Christian's amended complaint is construed to allege **ONLY** federal claims, that is violations of her Fourth, Fifth, Ninth, and Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983.  If Christian intended to bring claims under state law, she must move to amend her complaint to add such a claim or claims.  A motion to amend shall be filed no later than **October 20, 2006**.  The defendants will then have an opportunity to respond within the time allowed under the local rules.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

October 5, 2006

cc:  Charles P. Bauer, Esquire
     Nancy J. Smith, Esquire
     Nicole Corin Christian, pro se