```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Nicole Corin Christian

    v.                                    Civil No. 05-cv-356-JD
                                          Opinion No. 2006 DNH 140

Travis W. Anderson, et al.

O R D E R

Previously, the court granted in part and denied in part a motion to dismiss filed by defendants Travis W. Anderson and Paul Boucher and interpreted Nicole Corin Christian's amended complaint to allege only federal claims. The court directed Christian to file a motion for leave to amend her complaint if she intended to bring state law claims. Christian has filed a motion for leave to amend, adding several state law claims. Anderson and Boucher object to Christian's motion for leave to amend on the ground that the new claims against them are futile.

Discussion

Christian moves for leave to add state law claims of assault, harassment, and invasion of privacy; abuse of process; malicious prosecution, and intentional infliction of emotional distress against Anderson. She moves for leave to add claims of negligence and negligent infliction of emotional distress against

all of the defendants.  She also moves to add a claim of civil conspiracy against Anderson and Boucher.  Anderson and Boucher oppose the motion on the ground that the amendments are futile because Christian's new claims are barred by the statute of limitations, a lack of jurisdiction, her failure to show that the underlying criminal proceeding terminated in her favor, the Rooker-Feldman doctrine, res judicata, and failure to state a claim.

## Standard of Review

"Consent to file amended pleadings shall be freely given when justice so requires unless the amendment would be futile or reward undue delay."  Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (internal quotation marks and citations omitted).  Futility is assessed on the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Id.  Therefore, the court "accept[s] as true all well-pleaded facts alleged by the plaintiffs in their complaint and draw[s] in their favor all reasonable inferences fitting their stated theories of liability."  Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 127 (1st Cir. 2006).

A.  <u>Statute of Limitations</u>

Anderson and Boucher argue that Christian's new claims are barred by New Hampshire's three-year statute of limitations which expired on October 7, 2005.  <u>See</u> RSA 508:4, I.  The defendants do not address Federal Rule of Civil Procedure 15(c)(2) which provides that "a[n] amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[1]  New allegations that add a new legal theory relate back to the original pleading if the amendment pertains to the same episode as alleged originally.  <u>Mayle v. Felix</u>, 545 U.S. 644, 125 S. Ct. 2563, 2572 (2005) (discussing <u>Tiller v. Atl. Coast Line R. Co.</u>, 323 U.S. 574, 580-81 (1945)).

Christian's state law claims all arise out of the same episode and factual allegations that were pled in support of her federal claims.  Therefore, under Rule 15(c)(2), the new state law claims relate back to the filing date of the original complaint, which was within the limitations period.  The claims are not barred by the statute of limitations.

---

[1] The court discussed the application of the relation-back principle under Rule 15(c)(2) in the previous order.

B.  Jurisdiction and Immunity

Anderson and Boucher assert that this court lacks "pendant jurisdiction" because the claims all arise from their actions taken in their official duties.  The defendants' argument is not clear.  To the extent the defendants argue that the Eleventh Amendment bars claims for money damages against them in their official capacity, which would be deemed to be claims against the State of New Hampshire, they are correct.  See, e.g., Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Redondo-Borges v. H.U.D., 421 F.3d 1, 7 (1st Cir. 2005); Carter v. Lindgren, 2006 WL 2850571 at *6 n.4 (D.R.I. Sept. 29, 2006); State v. Brosseau, 124 N.H. 184, 189-90 (1983) (discussing sovereign immunity under New Hampshire law).  Christian, however, brings her claims against the defendants in both their individual and official capacities.  The defendants have not shown that the Eleventh Amendment would bar claims brought against them in their individual capacities.

With respect to Boucher, however, the federal claims against him were previously dismissed based on quasi-judicial immunity that protects bail commissioners from liability for their actions in that capacity.  Quasi-judicial immunity, under state law, also bars Christian's state law claims against Boucher.  Briand v. Morin, 2003 WL 540185 at *1 (D.N.H. Feb. 25, 2003); see also

4

Gould v. Dir., N.H. Div. of Motor Vehicles., 138 N.H. 343, 346 (1994).  Therefore, Christian's motion to amend is denied as to her claims against Boucher because those claims are futile.

C.    Termination of Underlying Criminal Proceeding

Anderson argues that Christian's claims of abuse of process and malicious prosecution are barred because she cannot show that the underlying criminal proceeding terminated in her favor as required by Heck v. Humphrey, 512 U.S. 477, 484 (1994).  In that case, the Supreme Court held that 42 U.S.C. § 1983 did not provide a cause of action for a claimed violation of due process based on a malicious prosecution theory unless the plaintiff could show that the prior criminal proceeding terminated in her favor.  Id.  As such, Heck did not establish or even address the elements of claims of abuse of process and malicious prosecution under New Hampshire law.

Because Anderson addressed only the law governing a § 1983 claim, he did not show that Christian's claims are futile under New Hampshire law.  Under New Hampshire law, "[i]n order to prevail on a civil malicious prosecution claim, the plaintiff must prove: (1) that he was subjected to a civil proceeding instituted by the defendant; (2) without probable cause; (3)with malice; and (4) that the proceedings terminated in the

plaintiff's favor."  Paul v. Sherburne, 903 A.2d 1011, 1013 (N.H. 2006).  "A party claiming abuse of process must prove the following elements:  (1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process."  Long v. Long, 136 N.H. 25, 29 (1992).  For purposes of proving an abuse of process claim, it is immaterial whether the criminal proceedings terminated in favor of the person bringing the claim.  Id.

    Christian concedes that she cannot now show that the underlying criminal proceeding against her for resisting arrest terminated in her favor.  She acknowledges that she pled guilty to the charge to resolve a distressing situation.  Her protestations as to the validity of her plea and expectation of overturning her guilty plea do not change present circumstances.  Therefore, her request to add a malicious prosecution claim against Anderson is denied as futile.  Anderson has not shown that the abuse of process claim is also futile.

D.  Rooker-Feldman Doctrine

    Anderson contends generally that the Rooker-Feldman doctrine bars Christian's abuse of process claim because it seeks an appeal in this court of her state court conviction.  As Christian

points out, Anderson fails to cite the most recent First Circuit cases, construing the Rooker-Feldman doctrine and limiting its application.  See, e.g., Torromeo v. Town of Fremont, N.H., 438 F.3d 113, 115 (2006).  More importantly, Anderson provides no analysis applying the Rooker-Feldman doctrine to the circumstances of this case and, therefore, fails to show how the doctrine would bar Christian's abuse of process claim.

E.   Res Judicata and Failure to State a Conspiracy Claim

The defendants assert that res judicata or the doctrine of "law of the case" bars Christian from bringing claims against Boucher.  That theory is based on the court's previous order, dismissing the federal claims against Boucher based on quasi-judicial immunity.  Federal law governs immunity as to federal claims, while state law governs immunity as to state law claims.  Therefore, neither res judicata nor "law of the case" applies here.  As is discussed above, however, Boucher is entitled to immunity under state law.

Anderson also argues that Christian has not stated a civil conspiracy claim.  A civil conspiracy claim requires allegations that two or more persons entered an agreement on an object to be accomplished or on a course of action and performed one or more unlawful overt acts in furtherance of the conspiracy.  Jay

Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987).  The object to be accomplished may be either "an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means."  Id.

Christian alleges that Anderson purposefully selected Boucher as bail commissioner, knowing that he had admitted committing a felony himself, which Christian believes disqualified Boucher from acting as bail commissioner.  She further alleges that Boucher, "acting in collusion with . . . Anderson, set a clearly unreasonable $5,000 cash bail."  2d Am. Comp. ¶ 26.  In her claim for civil conspiracy, Christian alleges "there was at least a silent agreement or understanding between and among [Anderson and Boucher] to inflict wrongs against, or injury to the plaintiff."  Id. ¶ 55.

Anderson faults Christian's pleading for lacking an allegation that he and Boucher communicated before Christian was arrested.  That argument demonstrates a misunderstanding of Christian's conspiracy theory.  Christian alleges that the object of the conspiracy was to set an unreasonably high bail with the harmful result that she was not released from jail.  Taking all of Christian's allegations as true and drawing reasonable inferences in her favor, there is enough to avoid Anderson's futility challenge.

Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file an amended complaint (document no. 49) is granted as to her claims of assault, harassment, and invasion of privacy against Travis Anderson, in his individual capacity, and Roberta Darling, paragraphs 47 and 48; abuse of process against Anderson, paragraph 49; intentional infliction of emotional distress against Anderson and Darling, paragraphs 51 and 52; negligence against all defendants except Boucher, paragraph 53; negligent infliction of emotional distress against all defendants except Boucher, paragraph 54; and civil conspiracy against Anderson. The motion to amend is denied as to all of the plaintiff's claims against Anderson in his official capacity, all claims against Paul Boucher, and the claim for malicious prosecution, as those claims are futile.

Christian's second amended complaint is allowed as to the claims that are not futile, and the futile claims are deemed to be dismissed.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

December 13, 2006

cc: Charles P. Bauer, Esquire
    Lisa Lee, Esquire
    Nancy J. Smith, Esquire