UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Nicole Corin Christian</u>

    v.                                             Civil No. 05-cv-356-JD
                                                Opinion No. 2007 DNH 033
<u>Travis W. Anderson, et al.</u>

<u>O R D E R</u>

Nicole Corin Christian, proceeding pro se, brought suit against New Hampshire State Trooper Travis W. Anderson along with Grafton County officers and employees and others, alleging a claim under 42 U.S.C. § 1983. The court granted in part the motion to dismiss filed by defendants Anderson and Paul Boucher and directed Christian to move for leave to file an amended complaint if she intended to allege state law claims. Christian moved for leave to amend to add state law claims, which was granted in part. Anderson now moves to dismiss all claims brought against him.

Christian did not respond to Anderson's motion within the time allowed. On January 25, 2007, she filed a motion for leave to file a late objection to the motion. Anderson did not file a response to the motion. The motion for leave to file a late response is granted.

Discussion

Anderson moves to dismiss Christian's second amended complaint on the ground that subject matter jurisdiction is lacking. Anderson asserts that no federal claims are alleged against him and that Christian's state law claims against him do not fall within supplemental jurisdiction as allowed under 28 U.S.C. § 1367(a). Christian objects to the motion to dismiss.

In her objection, Christian acknowledges that she did not allege a federal claim against Anderson: "Indeed, the Plaintiff did erroneously omit identifying federal claims as counts against Anderson, but that omission should not be perceived as fatal unless there is absolutely no federal claim against Anderson revealed when liberally construing the entire complaint." Obj. at 8. She contends that the factual allegations about Anderson in the second amended complaint support claims under § 1983 that her Fourth and Fourteenth Amendment rights were violated by Anderson's use of excessive force during her arrest. She also asserts, mistakenly, that the court previously held that she stated a federal civil rights conspiracy claim in her second amended complaint.[1]

---

[1] Instead, the court ruled that her state law civil conspiracy claim against Anderson was not futile.

In considering a motion to dismiss, the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor."  Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 5-6 (1st Cir. 2006).  "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006).  "'A complaint should not be dismissed unless it is apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Stanton v. Metro Corp., 438 F.3d 119, 123-24 (1st Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (other quotation marks omitted).  In addition, a complaint filed by a pro se litigant is held to less stringent standards than one drafted by a lawyer.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In her first amended complaint, Christian alleged only a federal claim under § 1983.  Although she included factual allegations against Anderson in the complaint, she stated that her § 1983 claim arose from factual allegations involving only

the Grafton County defendants.  Therefore, the basis of her federal claim, if any, against Anderson was unclear.[2]

In her second amended complaint, Christian stated that she was alleging a federal claim under § 1983 against the Grafton County defendants, based on the facts alleged in paragraphs thirty-two through forty, which do not include allegations against Anderson.  She also alleged state law claims of assault, harassment, invasion of privacy, abuse of process, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and civil conspiracy against Anderson in his individual capacity.[3]  She now contends that her allegations of Anderson's use of excessive force during her arrest implicate the Fourth Amendment's prohibition against unreasonable searches and seizures.  She also contends that her allegations that Anderson sexually molested her during the arrest state a substantive due process claim under the conscience-shocking standard of the Fourteenth Amendment.

The Fourth Amendment prohibits excessive force during an arrest or investigatory stop.  Torres-Rivera v. O'Neill-Cancel,

---

[2]Christian mistakenly interprets the court's order granting in part and denying in part Anderson's previous motion to dismiss to hold that she stated a federal claim against Anderson.

[3]She also alleged state law claims against other defendants.

406 F.3d 43, 51 (1st Cir. 2005).  Excessive force claims are evaluated under the Fourth Amendment's objective reasonableness standard that permits force to be used only to the extent an officer reasonably, even if mistakenly, believed that force was necessary.  Whitfield v. Melendez-Rivera, 431 F.3d 1, 7 (1st Cir. 2005).  Objective reasonableness is judged from the perspective of a reasonable officer in the same circumstances and not from the perspective of hindsight.  Pena-Borrero v. Estremeda, 365 F.3d 7, 12 (1st Cir. 2004).  Some amount of physical coercion is typical during an arrest so that "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers'" is actionable.  Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  Sexual assault by a police officer acting in that capacity can constitute a substantive due process violation.  See, e.g., Haberthur v. City of Raymore, Mo., 119 F.3d 720, 724 (8th Cir. 1997); see also Poe v. Leonard, 282 F.3d 123, 136-38 (2d Cir. 2002) (holding that substantive due process governs plaintiff's claim of violation of her constitutional right to privacy).

    Christian alleges that Anderson stopped her car for speeding.  Apparently, Anderson asked Christian to get out of the car, and she refused.  Christian alleges that Anderson attempted to physically remove her from the car while she was secured by a

seatbelt.  She further alleges that Anderson sexually molested her and that when she tried to defend herself, he "aggressively battered" her.  Compl. ¶ 23.  She states that he used unnecessary force in handcuffing her and that after she was placed in the cruiser, he drove at excessive speeds, causing her to be thrown from side to side without any means of protecting herself.

Although Christian's claims are somewhat conclusory, assuming as the standard requires that she could prove facts to substantiate those claims, she has stated federal claims of excessive force and a substantive due process violation against Anderson.  Given Christian's pro se status and her apparent confusion about her claims against Anderson, the court will liberally construe her second amended complaint to allege a claim under § 1983 that Anderson violated her Fourth and Fourteenth Amendment rights during the arrest.  See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (describing lenient standard applied to pro se pleadings).

As her complaint is presently construed, Christian states two federal claims against Anderson.  Therefore, the court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a late response to the defendant's motion to dismiss (document no. 57) is granted. The defendant's motion to dismiss (document no. 54) is denied.

As construed by the court, the plaintiff alleges the following claims against Travis W. Anderson:

Federal Claims under § 1983

Fourth Amendment, excessive force

Fourteenth Amendment, sexual molestation in violation of substantive due process

State Law Claims

Assault, harassment, invasion of privacy, abuse of process, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and civil conspiracy.

**No further amendment of the plaintiff's claims against Anderson will be allowed.**

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

March 15, 2007

cc: Charles P. Bauer, Esquire
    Lisa Lee, Esquire
    Nancy J. Smith, Esquire
    Nicole Corin Christian, Esquire