UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Nicole Corin Christian

    v.                                Civil No. 05-cv-356-JD

Travis W. Anderson, et al


O R D E R


Nicole Corin Christian, proceeding pro se, moves for partial reconsideration and "articulation" of the court's order granting summary judgment in favor of the Grafton County defendants.  She contends that the order is based on factual errors and is unclear.  The defendants object to her motion.

When a party files a post-judgment motion within ten days of the entry of judgment that is the subject of the motion, it is considered under Federal Rule of Civil Procedure 59(e).  Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007).  To succeed on a motion for reconsideration, the moving party must demonstrate newly discovered evidence, a manifest legal error, or that the court has missed material facts.  Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  In the absence of factual or legal error, the moving party cannot revisit arguments that were or should have been presented before judgment entered.  See id.; DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001).

## Discussion

In support of her motion, Christian contends that the court ignored evidence that the Grafton County Department of Corrections had a strip search policy in place when she was detained there. She also asserts that the court's order contains factual mistakes and inconsistencies that she asks be corrected in anticipation of her appeal.

A.  Policy

The Grafton County defendants asserted that Christian failed to bring claims against the county and, alternatively, that Christian lacked evidence that any of the constitutional claims she raised were perpetrated pursuant to a county policy or practice. Christian did not dispute the defendants' argument that the county was not a party, but nevertheless she asserted that the county had a policy of requiring new arrestees to undress in front of a corrections officer. Christian provided and cited only the county's policy after December of 2003, to support that theory. The court concluded that if the county were a party, Christian had failed to show municipal liability.

For reconsideration, Christian asserts that the court erred in overlooking a county policy submitted by the defendants, dated March of 2000. That policy, Christian asserts, required new

arrestees, like her, to remove all of their clothing and to stand naked in front of a corrections officer.  She contends that the clothing policy, therefore, amounted to a strip search policy.

Christian neglected to reference or discuss the March 2000 county policy in her opposition to summary judgment, which was instead based on the county's written policy in 2003.  As such, she is barred from raising it now.  In addition, the policy she cites does not require arrestees to stand naked in front of a corrections officer, and, even if it did, such a requirement would not necessarily constitute a strip search policy.  See Wood v. Hancock County Sheriff's Dep't, 354 F.3d 57, 65 (1st Cir. 2003).  Therefore, Christian fails to raise grounds for reconsideration of summary judgment in favor of the county.

B.  Inconsistencies

Christian faults the court for concluding that the defendants failed to show, as a matter of law, that Christian's clothing exchange process was not a strip search but that the defendants were entitled to qualified immunity on that claim.  Christian's arguments demonstrate her lack of understanding of the doctrine of qualified immunity.  After reviewing that part of the order, the court is satisfied that it is not legally or factually erroneous.

Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 90) is denied.

SO ORDERED.

                                    /s/ Joseph A. DiClerico, Jr.
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

October 15, 2007

cc:  Charles P. Bauer, Esquire
     Lisa Lee, Esquire
     Daniel J. Mullen, Esquire
     Frank H. Olmstead, Esquire
     Nancy J. Smith, Esquire
     Nicole Corin Christian, pro se